UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LONGVIEW FIBRE COMPANY,

                        Plaintiff,

- v -                                     6:05 -CV-366

CSX TRANSPORTATION, INC.

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CSX TRANSPORTATION, INC.,

                        Third-party plaintiff,

- v -

HANSEN & RICE, INC.; CFI CONSTRUCTION, INC.;
LARRY CZAJKOWSKI; and CT MALE ASSOCIATES, P.C.,

                        Third-party defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY CZAJKOWSKI,

                        Fourth-party plaintiff,

- v -

MOHAWK MOTORSPORTS, INC. and
ESTATE OF MICHAEL PRELI,

                        Fourth-party defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| WHITEMAN OSTERMAN & HANNA LLP<br>Attorneys for Plaintiff<br>Suite 1900<br>One Commerce Plaza<br>Albany, New York 12260 | MARGARET J. GILLIS, ESQ.<br>CHRISTOPHER W. MEYER, ESQ. |

| | |
|---|---|
| HODGSON RUSS, LLP<br>Attorneys for Defendant CSX Transportation, Inc.<br>  and CSX Transportation<br>17th Floor<br>230 Park Avenue<br>New York, New York 10169 | LAWRENCE R. BAILEY, JR., ESQ.<br>NOREEN D. GRIMMICK, ESQ. |
| HARTER SECREST & EMERY, LLP<br>Attorneys for Third-party Defendant<br>  CT Male Associates<br>1600 Bausch & Lomb Place<br>Rochester, New York 14604-2711 | MICHAEL A. DAMIA, ESQ. |
| NAPIERSKI, VANDENBURGH &<br>  NAPIERSKI, LLP<br>Attorney for Fourth-party Plaintiff<br>  Larry Czajkowski<br>296 Washington Avenue Extension<br>Albany, New York 12203 | SCOTT M. PETERSON, ESQ.<br>JOHN W. VAN DENBURGH, ESQ. |
| ROCHE, CORRIGAN, McCOY & BUSH<br>Attorney for Hansen & Rice, Inc., and<br>  CFI Construction, Inc.<br>36 South Pearl Street<br>Albany, New York 12207 | SCOTT W. BUSH, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

**I. FACTS**

Plaintiff Longview Fibre Company ("Longview") has a plant in Amsterdam, New York. A tributary of the Mohawk River runs through the eastern edge of Longview's property near adjacent property owned by third party defendant/fourth-party plaintiff Larry Czajkowski ("Czajkowski"). The tributary then passes through storm culverts on property owned by defendant/third-party plaintiff CSX Transportation, Inc. ("CSX"). Czajkowski's property was

leased by fourth-party defendant Michael Preli ("Preli") who operated Mohawk Motorsports, Inc. These properties were in a flood plain.

In 2001 Longview began an expansion program at its plant. Third-party defendant Hansen & Rice, Inc. was the contractor, and third-party defendant CFI Construction ("CFI") was the subcontractor. CFI was responsible for "loading out" and transporting substandard soil from the Longview plant. Initially the soil was transported off site. At some time a decision was made to dump the soil/debris on the adjacent property that was owned by Czajkowski. Unbeknownst to Czajkowski, CFI and Preli entered into an agreement, with Preli signing a General Release releasing CFI from any liability relating to the transport and dumping of soil and debris from Longview onto the property. On April 10 and 11, 2001, CFI transported and dumped substandard soil on the Czajkowski property upon which a silt fence had been installed.

On March 27, 2002, over two inches of rain fell in about 12 hours. The culverts owned by CSX became blocked with silt and debris (including shopping carts and basketballs) allegedly causing parts of Longview's plant to flood. Longview seeks damages from CSX. CSX has third-partied a number of companies, including Czajkowski.

## II. DISCUSSION

Czajkowski moves for summary judgment, dismissing the third-party complaint and cross claims, contending that he was an out-of-possession landlord with no knowledge of the wrongdoing of his tenant. Longview and CSX oppose. Third-party defendant C.T. Male joins plaintiff's opposition.

Longview contends that Czajkowski retained control of the property because he reserved the right to enter the premises to make inspections and repairs in the lease with

Preli. CSX argues that Czajkowski could have assigned the duty of maintenance and repair to Preli in the lease, but did not. CSX also argues that Czajkowski met with Longview in 2003 in an attempt to sell the property to Longview, evincing an intent to retain control. However, the lease specifically states that the property is being leased "as is" and the lessor will not make improvements or repairs. Since an owner always may sell property subject to a lease, any later attempt to sell the property does not demonstrate physical control of the property and is irrelevant.

Longview also argues that Czajkowski had actual or constructive knowledge of the dumping, citing the declaration of Hammel, a former employee of Mohawk Motorsports from 2000 to 2003. Hammel stated that he observed Czajkowski make several visits to the property, at least once walking around the property, and once inspecting belongings he had stored in an area where the dirt was dumped. CSX contends that questions of fact remain. For instance, Hammel stated that he observed Czajkowski at the property four times, whereas Czajkowski stated he was there only twice, and only at the retail area to collect his rent. In any event, the Hammel affidavit is insufficient to create a question of fact because Hammel put no time frame to when he saw plaintiff visit/walk around the property, whether it was before or after the dumping on April 10 and 11, 2001.

Another instance is the statement of Fernandez stating that periodically there were piles of dirt around the parking lot and that paving was done in the parking lot. Longview contends that Czajkowski must have seen the dirt piles when he visited. There is no evidence that the piles of dirt near the parking lot had anything to do with blocking the culvert. Further, Mr. Fernandez states that he saw the piles there in the summer of 2001, but does not state how long they were there, or when work on the parking lot was done. These dirt

piles were not part of soil/debris blocking the culverts, and there is no evidence that they still existed at the time of the March 27, 2002 rainfall.  Even if Czajkowski knew about the piles of soil near the parking lot, it is too tenuous to suggest that he would have had actual or constructive knowledge of a dangerous condition.

Finally, CSX argues that the purported reservation of the right to inspect and repair in the lease, coupled with violations of several statutes, should have put Czajkowski on notice of the defective condition.  CSX points to Flood Plain Management regulations and the Environmental Conservation Law, both of which require permits prior to filling in flood plain areas.  It also points to a Town ordinance regarding filling in a flood zone and/or flood plain. Czajkowski did not violate any statute or regulation, and he was unaware of the dumping.  If a permit was required, then it should have been obtained from the parties doing the filling, Longview, Hansen & Rice, or Preli.

## III. CONCLUSION

The lease and his statement have established that Czajkowski was an out-of-possession landlord without control over the property and without actual or constructive knowledge of the soil/debris on the property prior to the flood of March 27, 2002.  Neither Mr. Hammel nor Mr. Fernandez create a question of fact.  Accordingly, Czajkowski is entitled to summary judgment.  His motion is granted and the third-party complaint and all cross claims against him are dismissed.

As a result, the 4th party complaint against Preli and Mohawk Motorsports, and the cross claims are also dismissed as moot.

IT IS ORDERED that

1. Third-party defendant Larry Czajkowski's motion for summary judgment is GRANTED and the third-party complaint is DISMISSED in its entirety;

2. All cross-claims against Larry Czajkowski are DISMISSED; and

3. The fourth-party complaint by Czajkowski and his cross claims against Michael Preli and Mohawk Motorsports, Inc. are DISMISSED as moot.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   December 18, 2006
         Utica, New York